# In The United States District Court
## For The Southern District Of Mississippi
### Southern Division

Johnny O'Bryant                                    Plaintiff

versus                    Civil Action NO. 1:07cv477 LG-RHW

Harrison County, et al.,
Sheriff George H. Payne, Jr.,
Warden Donald A. Cabana,
Chaplain Joe Collins, Rhondalyn Rogers,
Karl Stolze and Rick Gaston, former deputies    Defendants

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
APR 27 2007
J. T. NOBLIN, CLERK
By_____ Deputy

## Amended Complaint

Before: U.S. Magistrate Judge, Hon. Robert H. Walker

   Come Now, Johnny O'Bryant, *pro se*, in the above styled and numbered cause and bring on for consideration this amended complaint.

   Pursuant to the order of the court dated April 13, 2007, Plaintiff hereby intends to comply by answering the questions and stating the following facts, to wit:

# Response To The Court's Order

(a) as now written in the above style of case Harrison County is named as a defendant.

(b) plaintiff is specifically alleging policy and custom of Harrison County; and

(c) plaintiff will specifically set forth the allegations of the policy and custom that Harrison County is using by naming them in the Amended Complaint, that violated plaintiff constitutional rights.

(d) plaintiff specifically states that defendants were and is working under color of state law and wearing a badge of authority for Harrison County in the performance of their duty did use bad faith, and, intentional misconduct due to deliberate indifference.

## Parties

1.   Plaintiff, Johnny O'Bryant, is and was at all times relevent hereto, a pre-trial detainee in the custody of Harrison County Adult Detention Center.

2.   Defendant, Harrison County, is and was at all times relevent hereto a local governmental body

that employed supervisory officials to act on its behalf and knew about the allegations alledged herein. Also partook in implementing custom and policies as a pattern of practice.

3.    Defendant, Sheriff, George H. Payne, Jr., was at all times relevant hereto, the Sheriff of Harrison County.

4.    Defendant, Warden, Donald A. Cabana, was at all times relevant hereto, the warden of Harrison County Adult Detention Center.

5.    Defendant, Chaplain Joe Collins, was at all times relevant hereto, the Chaplain of Harrison County Adult Detention Center.

6.    Defendant, Rhondalyn Rogers, was at all times relevant hereto, the Legal Resource Aide, for the Harrison County Adult Detention Center.

7.    Defendant, Karl Stolze, was at all times relevant hereto, a sheriff deputy, for the Harrison County Sheriff Department.

8.    Defendant, Rick Gaston, was at all times relevant hereto, a sheriff deputy, for the Harrison County Sheriff Department.

## Facts

9.   On or about , September 25, 2006, Plaintiff was assigned to and resided in Block D Section F medical observation and were presently on suicide watch, 15 minutes observation.

10.   On several occasions prior to September 25, 2006, Plaintiff attempted to locate some lost property that had legal materials and Plaintiff attorney's phone number in it.

11.   On the morning in question of September 25, 2006, former deputy, Karl Stolze was assigned to monitor the section where I was residing.

12.   Plaintiff knocked on the window of the foyer to draw, former deputy, Karl Stolze attention. He came over an asked, Plaintiff, what he wanted. I asked him if he could see if he could locate some lost property.

13.   Former deputy, Karl Stolze, told Plaintiff that he didn't know about any property and if I knock on window again he will come inside and beat my ass. Plaintiff stated he hadn't done anything and told the deputy he wasn't going to do anything to him.

14.  The comment infuriated Karl Stolze who open the door of the foyer and rushed inside hitting, Plaintiff, in the throat and begin to choking him so severely until Plaintiff begin to lose his breath. The pressure was very powerful and Karl Stolze appeared as though he was trying to crush Plaintiff larynx. The pain became unbearable.

15.  Defendant, Karl Stolze, used so much force until his nails dug into Plaintiff skin and caused some bleeding. While choking Plaintiff he was also trying to trip Plaintiff and throw him to the floor by wrapping his right leg behind Plaintiff right leg and pushing him backwards.

16.  This incident startled some of the other inmates who woke up off the floor in the foyer and some came out of cells, to see what was going on. Some inmates shouted for the deputy to stop choking me. He finally did after he noticed that he was causing the inmates to become excited.

17.  When he stopped choking, Plaintiff, used the opportunity to tell the deputy to keep his hands off him or he would have him charged with assault.

18.  All inmates were wearing suicidal gowns and

on medication for depression. The Defendant took us for granted and use deliberate indifference because we were considered to be mental patients.

19. Plaintiff comment of pressing charges sent Defendant into another raging attack that was more sadistic and malicious than the first attack. Defendant grabbed Plaintiff around the neck and squeezed more harder and more violently than before.

20. Plaintiff used words and resistance to cause deputy Karl Stolze to release him. Deputy Karl Stolze acted with malice and intentionally knowingly and feloniously used custom and policies that he was use to practicing in the performance of his duty under color of state.

21. Defendant Karl Stolze normally worked in the booking department, but was re-assigned on this particular day. September 25, 2006. It was customarily for deputies to beat on abuse inmates coming through booking.

22. After the assault I got the tower guard to call the shift supervisor. It turned out to be Captain Rick Gaston. Stolze and Gaston had a discussion and he

came over and told me don't get smart with my deputy and go back to sleep.

23.    Captain Rick Gaston showed me deliberate indifference by refusing to hear my complaint and allowing me to be treated cruel and unusual without doing anything about it.

24.    Captain Rick Gaston and Karl Stolze showed me deliberate indifference of not allowing me to go to medical. I had suffer swelling, bleeding, servere pain and soreness externally as well as internally, I was in pain and it hurted.

25.    Plaintiff was not able to swollow for several days, nor did medical treat my injuries and I was denied pain medication.

26.    It is the custom of Harrison County to cover up abuse by refusing inmates medical treatment so there is no documentation of injuries.

27.    Karl Stolze and Rick Gaston were already under federal investigation for beating and injuries they had help inflict on other inmates. It is stated that Rick Gaston ran the booking area by his own set of rules and it was the practice of his fellow deputies to obey his illegal orders.

28.    Harrison County has shown me deliberate indifference by allowing me to be assaulted by a deputy already known as an inmate abuser that should of been terminated but was allowed to remain at work and only terminated after I complained.

29.    Harrison County has violated my federal right of the Eight and Fourtenth Amendment of the U.S. Constitution by having custom and policy in place that allow corrupted official to stay in office.

30.    It took Plaintiff five (5) months to exaust a twenty (20) day grievance. In fact Harrison County has actually tried to conceal the truth. They are guilty of violations of federal statutes and Defendant Karl Stolze had actual knowledge that he was subjecting to excessive risk of harm and his actions were maliciously and sadistically for the purpose of causing me harm using deliberate indifference., under color of state law.

## Facts

31.    Plaintiff, from September 2006 until this present day begin expressing his desire to practice his religion of Islam, Plaintiff

being a muslim.

31.    Plaintiff on December 24, 2006, was place in isolation by Sgt. J. Gregory and F.T.O. Redmond for wearing a home-made kufi. The important thing about islamic worshipping is that the head must be covered for prayer, reading of the Holy Qu'ran and times of reflection.

32.    While in isolation I had a cell door that was slammed into my back for wearing a kufi. When this administration notice that I was very serious about islamic service they did everything in their power to stop me.

33.    Harrison County has allowed governmental employees to take endorsing a religion a regular custom and policy. Sheriff George H. Payne, Jr., Warden Donald A. Cabana and Chaplain Joe Collins has been deliberate indifferent to my religious belief.

34.    Harrison County has an entire wing of their Adult Detention Center segregated for inmates that are interesting in developing christian life skills. The program uses the bible as it's basic text and the inmates are trained to become good christian disciples.

35. Additionally to having christian life skills program, Harrison County has a christian Recovery on the inside study group. Harrison County also promote christainity by passing out bible studies. Further Harrison County offer Catholic and Jehovah Witnesses service.

36. Harrison County allows preachers to come inside the facility and preach open in Plaintiff section every wednesday night. These evangelical precher visit every block of the facility.

37. Harrison County are found to be in violation of the Establishment Clause of the First Amendment See: William v. Huff, 52 S.W. 3d 171 (Tex 2001). They have used deliberate indifference of denying me the opportunity to worship with fellow muslims.

38. Harrison County are guilty of spending state and federal monies to operate and manage their evangelical programs. Sheriff George H. Payne, Jr., Warden Donald A. Cabana and Chaplain Joe Collins always attend the graduation ceremonies and are usually the master of ceremonies.

39. Harrison County has mixed church and state and has violated my First Amendment right of freedom of religion. Harrison County, despite the

fact that plaintiff religion strictly instructs them to avoid eating pork and foods cooked with pork fat, the facility offers no vegetarian or alternative diet plan.

40.   Plaintiff had the facility medical doctor, Dr. Fason, to order a vegetarian diet, the medical entity here called Health Assurance, LLC, medical director gave the doctor order for a vegetarian diet to Chaplain Joe Collins for approval, a chaplain is not a medical doctor.

41.   Plaintiff suffers from high blood pressure and requested the diet to take the place of the one and only diet of starch, noodles, rice and beans everyday.

42.   Harrison County has violated my First, 8th and 14th Amendment and has used deliberate indifference in doing so.

## Facts

43.   Plaintiff, arrived here in late August 2006 an soon thereafter attempted to gain access to law library to challenge my condition of confinement as well as study and location same

information on my criminal charges. I was flat out told verbally that there is no law library.

44.   Harrison County has not had an operational Law Library for several years. Because of the extremely poor and inadaquate Grievance Program and no Law Library to challedge our condition of confinement, Plantiff and a group of inmates got together and drafted out a Class Action.

45.   Plaintiff, submitted the Class Action and it was returned for having certain deficiencies and was never filed.
See: Exhibit # 5, page 15 of 15 entitled Memorandum.

46.   Plaintiff, listed fourteen conditions of confinement in order to prove that conditions is systemic, a system wide problem. In order to truly under those condition a copy of the original Class Action will be presented.

47.   However, Plaintiff, will realleges and also incorporates by reference his allegations of those 14 fourteen conditions of confinement.
   1. Inadaqute Law Library
   2. Medical Neglect
   3. Prolong Lack of Dental Assistance
   4. Unsafe locking Devises on all cell and Exit Doors

5. Assaults against inmates
6. Improper RVR Hearings
7. Lack of Clothing and Bed Linen
8. Illegal Detention of Inmates in Segregation
9. Unsafe Sleeping Arrangement
10. Religious Discrimination
11. Official Misconduct
12. Lost, Stolen and Unmailed mail
13. Notary and Copy Service
14. Medical - Improper Diet

48. The rejection of the Class action brought on the Grievance for Inadquate Law Library. In which is another individual claim in itself. Before I could proceed pursuant to the Prison Litigation Reform Act (PLRA) I attempted to use the facility Grievance Program and the facility now refuses to responde.
See: Exhibit 4    copy of notice
See: Exhibit # 5  copy of grievance

49. Harrison County federal constitutional violation of Plaintiff rights in actuality becomes conspiratorial, wilful disregard for the Laws of the United States and the State of Mississippi.

50. Because, Plaintiff, had a nonfrivolous class action rejected, pursuant to, *Lewis v. Casey*

an actual injury requirement has taken place.
See: Morello v. Smith, 810. F. 2d 344, 346-47 ( 2d Cir.
1987), citing *Bounds*.

50. Harrison County has completely, totally
and without no respect for the Law, chosen
to violate the rights of every inmate in jail
here. Sheriff George H. Payne, Jr., Warden Donald
A. Cabana and Rhondalyn Rogers has created a
system that has become customary and the
policy of the facility. There response to every
one is contact your public defender, no library.

51. Plaintiff, have had a nonfrivolous lawsuit
rejected for deficiencies that I was not aware
of. Had, Plaintiff, had access to a law library
or legal assistance I could have drafted a
Complaint that the court would accept.
  (a) I have suffered a personal injury
  (b) I did not know I could not represent the
other inmates.
  (c) I did not know each plaintiff was required
to sign the complaint
  (d) I did not know each plaintiff had to do
a separate, complete and original Request to
Proceed in *Forma Pauperis*.

52. Plaintiff, in this instant Complaint, may

be in jeopardy of having another nonfrivolous claim dismissed if it is not properly presented and properly named the defendant(s)

53. Plaintiff, state the failure of Harrison County of not having a Law Library or person trained in the law has given rise to this claim. Already Plaintiff has had to amend the original Complaint. Harrison County has shown deliberate indifference, to the point that has caused constitutional rights violation.

## Claim One
## Breach Of Duty To Protect

54. Plaintiff recalleges and incorporates by reference his allegations in paragraphs 1 through 30 as if fully restated herein.

55. Harrison County in allowing former deputy Karl Stolze and Rick Gaston to exercise deliberate indifference to Plaintiff health and safety breached their duty to protect him and Karl Stolze on two (2) separate occasions did know he was :

(a) causing injuries and the extent thereof.

(b) no need for force to be used.

(c) that there no existing threat.

(d) no intention of him to lessen his attack but used malicious and sadistical force twice.

(e) an engagement in a conspiracy with Rick Gaston to deny medical treatment and to conceal the assault.

56. Defendants by doing the acts and things mentioned herein has violated Plaintiff Eight (8th) and Fourteenth (14th) Amendment of the U.S. Constitution of having customs or policies in place that had become a normal practice to abuse inmates.

57. As a result of the deliberate indifference exercised by the aforementioned Defendants, the Plaintiff suffered serious physical and also psychological injuries by a former sheriff deputy working for Harrison County.

58. Harrison County knew that Karl Stolze and Rick Gaston were already under federal investigation when they assaulted me. It's the custom and policy of Harrison County to cover up corruption an allow inmate abuse to go unreported.

59. Plaintiff suffers from acute depression,

and have a diagnosis of bi-polar and schizo-affectiveness. The assault by Karl Stolze has triggered a post truamatic disorder of recurring experiences and emotional distress.

## Claim Two
## Inadaquate Opportunity To Practice Religion

60.   Plaintiff, realleges and incorporate by reference his allegations in paragraphs 1 through 8 and paragraphs 31 through 42 as if fully restated herein, citing William v. Huff

61.   It is the custom, policy and practice of Harrison County to allow employee to endorse religion and spend state and federal monies to finance their operation of having an evangelical section of their facility coined
   (a) Christian Life Skills
   (b) Recovery On The Inside
   (c) Catholic only service
   (d) Jehovah Witness's only service
   (e) Christian only bible studies

62.   Defendant(s) working under color of office and color of state in the performance of their

duties as Sheriff of Harrison County, Warden of Harrison County and Chaplain of Harrison County is in violation of the Establishment Clause of the First (1st) Amendment.

63.  **Defendants**, Harrison County and their employees has using deliberate indifference by allowing outside preachers to come into the facility and preach openingly in front of all the inmates. Plaintiff reside in Block B section B and every wednesday night someone visit our section and have christian church service.

64,  **Defendants**, Harrison county and their employees distribute free bible studies and a christian newspaper daily and weekly. There are two (2) weekly church service that inmates can attend, Catholic and Jehovah Witness.

65.  **Plaintiff**, has struggle daily since his arrival here to get the administration to let the muslim here have religious services. Every effort is made to frustrate Plaintiff attempts. Chaplain Joe Collins refuses to acknowledge Islam and Warden Donald A. Cabana is always review the policies so he doesn't have to give a direct answer.

66. Plaintiff has been denied the opportunity to have Muslim service, to wear a kufi through out the facility and fellowship with other inmates of the same faith. Plaintiff is challendging the regulation and asking the Court to address the following factors or questions.

(1) Whether my belief is religious in nature.

(2) Whether my belief is sincerely held, and

(3) Whether the prison regulation is reasonable related to a legitimate penological interest.

67. Defendants has further failed the *Turner v. Safley* factors as well as failing to allow plaintiff reasonable opportunity to pursue his faith comparable to the opportunity afforded fellow prisoners, who adhere to conventional religious precepts. Defendants has policy, custom and practices in place of only catering to the christian religion and has exercised deliberate indifference by denying plaintiff the free exercise of his religious Islamic faith of a Muslim. Still violation of the First Amendment.

68. Defendant Harrison County has in place, custom policies and practices that has violated the constitutional rights of religious freedom. They do everything to endorse Christainity and spend state and federal monies to operate

programs and help spread the advancement of the christian religion throughout the facility and use deliberate indifference to deny me the opportunity to have muslim service, again, their custom, policy and practice being exercised.


## Claim Three
### Inadaquate Law Library
### Failure To Provide Ascess To To Courts


69. Plaintiff realleges and incorporates by reference his allegations in paragraphs 1 through 8 and 43 through 53 as if fully restated herein.


70. Harrison County has not had an operational Law Library at this facility for several years. The Sheriff George H. Payne Jr., Warden Donald A. Cabana and Rhondalyn Rogers has exercised deliberate indifference to Plaintiff constitutional right of access to an adaquate law library and access to the court.


71. Harrison County are themselves engaged in a knowingly, and, purposefully conspiracy of having an inadaquate Grievance Program and an

inadequate law library. By not having these
programs it has been Harrison County custom,
policy and practice to deny thousands of
inmates year after year the opportunity to
challedge their conditions of confinement.

72.     Harrison County by not having an adequate
Grievance Program, hundreds if not thousands of
inmates are not able to exaust their lower court
remedy pursuant to the Prison Litigation Reform
Act (PLRA). The custom, policy and practice is
a highly egregious design conspiracy to deprive
inmates of the ability to exercise their right.

73.     Harrison County custom, policy and
practice is to not give inmates the chance to
challege their conditions in the Courts and the
illegal activities become an unconstitutional
style of custom that's systemic and injurious
on a daily basic. The custom, policy and
practice is so highly egregious until there is little
chance of prevailing against the system that
Harrison County has in place.

74.     In February 2007, Plaintiff and a group
of inmates got together to challedge our
condition of confinement. I was asked if
I would draft the complaint. I knew that

such request was monsterious and almost impossible but I did attempt to create a Class Action Complaint the Court would accept. However it was rejected for having deficiencies.

75. These are the conditions we challedged because it is Harrison County custom, policy and practice to force inmates to live in these conditions and not have a way to challedge them, the conditions are:
  1. Inadaquate Law Library
  2. Medical Neglect
  3. Prolong Lack of Dental Assistance
  4. Illegal Detention of Inmates in Segregation
  5. Assaults against Inmates
  6. Improper RVR Hearings
  7. Lack of Clothing and Bed Linen
  8. Unsafe locking devices on cell and exit doors
  9. Unsafe sleeping arrangements
  10. Religious Discrimination
  11. Official Misconduct
  12. Lost Stolen and Unmailed Mail
  13. Notary and Copy Services
  14. Medical - Improper Diet.

76. When it was discovered that I had tried to filed the Class Action I was harrassed, and

classified as a troublemaker. Thereafter no one would answer my grievances and employees was even told not to talk with Plaintiff.

77. Harrison County custom, policy and their practices has brought on a pattern of violations that may foster criminal intentions by committing the following acts exercising deliberate indifference
   (a) conspiracy
   (b) obstruction of justice
   (c) failure to perform duty
   (d) aiding and abetting criminal activity
   (e) libel and slander
   (f) Breach of duty to protect from assault
   (g) inadaquate law library - no access to the courts
   (h) religious discrimination
   (i) cruel and unusual punishment.
   (j) violation of federal and state laws

78. Plaintiff cannot obtain any remedy by Harrison County only a continious daily deprivation of rights that injurious, by refusing to answer grievances.

79. These acts represent a pattern of events demonstrating intentional misconduct of customs, policy and practices that has deprived Plaintiff of his rights, privileges and immunities secured by the Constitution and laws of the United States.

## Relief Soughted

80. Plaintiff seek injuctive relief and compensatory damages from Harrison County of no less than 500,000 (five hundred thousand dollars).

81. Plaintiff further seek Direct and Indirect liability for the unconstitutional policy, custom and practice that was deliberate indifferent to the violations of my constitution rights by employees of Harrison County named herein as Defendants.

82. Plaintiff further seek injunctive, and declaratory relief against all named Defendants in their official and individual capacities for a sum of no less than 50.000, (fifty thousand dollars) individually, and such additionally relief as the Court may deem just and proper.


Respectfully Requested By,
S/ Johnny O'Bryant
Johnny O'Bryant, Plaintiff

Johnny O'Bryant
c/o HCADC, B-B
10451 Larkin Smith Dr.
Gulfport, MS. 39503.

## Certificate of Service

I, Johnny O'Bryant, the Plaintiff, pro se did forward a copy of the aforegoing Amended Complaint to the below listed Parties by placing in the (HCADC) mail pick-up on the below listed date.

### Mailing List

Harrison County, et. al
c/o 1620 23rd Ave
Gulfport, MS. 39501.

Office of the Warden
c/o Donald A. Cabana
10451 Larkin Smith, Dr.
Gulfport, MS. 39503.

Sheriff of Harrison County
George H. Payne, Jr.
1620 23rd Ave
Gulfport, MS. 39501

Clerk's Office Southern Division
Dan M. Russell, Jr. U.S. Courthouse
2012 15th Street, Suite 403
Gulfport, MS. 39501

So Certified this the 25th day of April
2007.

Johnny O'Bryant
Johnny O'Bryant

# Cover Sheet  1 of 27

## Johnny O'Bryant
### versus
### Harrison County, et al.
### Sheriff, George H. Payne, Jr.
### Warden, Donald A. Cabana, Ph.D
### Chaplain Joe Collins
### Rhondalyn Rogers
### Karl Stolze
### Rick Gaston

Content : **Amended Complaint**

(a) Letter Of Request, page 2 of 27

(b) Complaint, 3 of 27 through 26 of 27 pages

(c) Claim One, paragraph 54 through 59

(d) Claim Two, paragraph 60 through 68

(e) Claim Three, paragraph 69 through 79

(f) Relief Soughted, 1 page, paragraph 80 through 82

(g) Certificate of Service 1 page, 27 of 27

United States District Court - Southern Division

Civil Action NO. 1:07-cv-477 LG-RHW

District Judge :
Honorable, Louis Guirola, Jr.

Magistrate Judge :
Honorable, Robert H. Walker.

**RECEIVED**

APR 27 2007

Clerk, U.S. District Court
Southern District of Miss.

Johnny O'Bryant
c/o HCADC, B-B
10451 Larkin Smith Dr.
Gulfport, MS. 39503.

Date: April 24, 2007

Attn: Clerk's Office

Before: U.S. Magistrate Judge, Hon. Robert H. Walker

## Letter Of Request

Greetings Clerk's Office,

Enclosed herein to be filed in your usual manner is an Amended Complaint. I've enclosed the original and 5 copies. Will you send me a copy in the (SASE) please locate inside of envelope. Exhibits forwarded separately.

I've forwarded copies to parties on the Certificate. If you have any questions comments or suggestions please contact me right away.

Respectfully Requested By

By Johnny O'Bryant

Johnny O'Bryant, Plaintiff