Exhibit # A

TO: _Tommy O'Bryant_  _209746_  _B/13_
    Inmate Name          Docket #    Unit

FROM: GRIEVANCE OFFICER

RE: GRIEVANCE # _04-004-07_

RECEIVED

DATE: _APR 04 2007_

This office has received your grievance. It will be forwarded to the appropriate individual for review. You will receive a written response within ten (10) days.

Inadaquate Law Library
Failure To Provide Access To The Court
15 of 15 pages
Grievance

# Cover Sheet

Johnny O'Bryant
Vs.
Harrison County Adult Detention Center

Exhibit # 5

Inadequate Law Library
and
Failure To Provide Access To The Courts

March 29, 2007

## County Officials

1. Harrison County Board of Supervisors
2. George H. Payne, Jr., Sheriff
3. Donald A. Cabana, P.h.D., Warden

## State Officials

1. Haley Barbour, Governor of Mississippi
2. Jim Hood, Mississippi Attorney General
3. Administrative Office of the Courts

## Quote

When incarceration is no longer a choice, then freedom is no longer a decision.   —anonymous

Johnny O'Bryant
c/o, HCADC, B-B
10451 Larkin Smith Dr.
Gulfport, MS 39503.

## Notice
### Harrison County Adult Detention Center
### Grievance Procedure Program

Please take notice that pursuant to your policies of the 1st and 2nd Steps Grievance timeline on limitation, 20 days.

I, Johnny O'Bryant, an inmate here at (H.C.A.D.C.) did turn over to the Grievance Officer a true and correct copy of the foregoing Grievance, on the 28 day of March, 2007., for commencement

So Certified this the 29 day of March 2007.

/S/ Johnny O'Bryant
The Aggreved

## Harrison County Adult Detention Center
George H. Payne, Jr., Sheriff

## Inmate Request Form

Date of Request: March 22, 07

1 of 2 Copies

Docket #: 289746   Date Incarcerated: 8-28-06   Block: B   Section: B

Inmate Name: Johnny O'Bryant   Birthdate: 4-17-62

**(PLEASE CIRCLE ONLY ONE)**

| CLASSIFICATION | BEDDING | COUNSELLING |
| LEGAL ✓ | CLOTHING | G.E.D./ADULT BASIC SKILLS |
| PROPERTY | INDIGENT | LIFE LEARNING PROGRAM |
| RECORDS | INMATE ACCOUNTS | TRUSTEE |
| CHAPLAIN | SHIFT SUPERVISOR | WARDEN |

**Explain Need Below:**

I need access to the law library in order to prepare the necessary papers of a Class Action Complaint recently dismissed for deficiencies.

Will you please schedule me a day and time so that I may be properly prepared to go and have all materials needed that I will be bringing.

I also need to research my criminal charges

*(Inmate DO NOT WRITE below this line)*

**Staff Response:**

Date Received:   Date Completed:
By:   By:

3-ALDF-3E-11 implemented 10/06

# Harrison County Adult Detention Center

## Inmate Grievance Form

1 of 2 Copies

To: Grievance Officer

From: Johnny O'Bryant  289746  B-B
   Inmate Name    Docket #    Unit

Date: March 21, 2007

This is a grievance concerning:

Failure To Provide Access To The Courts And An Inadequate Law Library

1) On or about February 16, 2007, myself and a class of inmates attempted to file a Class Action Complaint showing unto the Court a system wide institutional area of many problems, we listed 14 problematic areas, our recourse was frustrated because we don't have access to the Law Library.

2) I drafted the Complaint and relied on past knowledge and guessing at the rest of how to style the complaint, it was not filed and returned for having deficiencies.

3) I need access to the Law Library to challenge my condition of confinement and research my criminal charges.

— Continue

Johnny O'Bryant
Inmate Signature

# Your Right To Learn The Law And Go To Court

4) This right of access safeguards a prisoners' ability to prepare and submit petitions and complaints, including federal habeas corpus petitions and civil rights actions.

5) The Supreme Court held in *Bounds v. Smith* that "the fundamental constitutional right to the courts requires prison authorities to assist prisoners in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from person trained in the law.

6) In other words, the Supreme Court believed prisoners needed a way to **learn the law** in order to take full advantage of their constitutional right to have access to the courts.
   See Also: Bounds v. Smith, 430 U.S. 817 828, 97 S. Ct. 1491, 1498, 52 L.Ed. 2d 72, 78-79 (1977)

# Civil Actions for Denial of Access

7) If the state frustrates your ability to do legal research or get legal assistance you may be able to file a suit claiming that you have been denied access to the courts.

8) You may also be able to file a suit claiming a denial of access if the state prevents you from creating and mailing your legal papers by withholding necessary resources or materials.

9) The Supreme Court in *Bounds*, states right of access to the courts includes the state's obligations to provide indigent prisoners with paper and pen to draft legal documents, with the service of a notary to authenticate them, and with stamps to mail them.
See Also: Lewis v. Casey, 518 U.S. 343 349, 116 S. Ct 2174, 2179, 135 L. Ed. 2d 606, 616 (1996)

## Cause Of Action Under *Bounds*

10) The Court held in *Lewis v. Casey* that in order for prisoners to have a cause of action under *Bounds*, they must first show that an actual injury has occurred because they have been denied access to the courts. You must show both that the State's legal access program was inadequate, and that you suffered an actual injury because of its inadequacies. The court went on to hold that proving an actual injury requires showing that a nonfrivolous legal claim has been frustrated. Therefore under *Lewis* you must show:

   (1) Your right of access to the courts was denied, and
   (2) Because of that denial you lost a nonfrivolous legal claim.

11) I've had a Class Action Complaint returned because of deficiencies that is a direct result of not having access to a Law Library to properly prepare it and it was returned unfiled. See Exhibit #1

## The Actual Injury Requirement
## Lewis v. Casey

12) One way to prove an actual injury may be to show that a complaint you prepared was dismissed for failure to meet a technical requirement that you could not have known about because of the insufficient legal assistance provided at your prison facility. Another way may be to show that you were even prevented from filing a claim because of weaknesses in the legal facilities provided. If you are bringing a class action, you must show that you were injured in a way that is **systemic** — that is, you must show a **system** wide problem.

13) The Class Action Complaint that I tried to filed listed 14 **Claims** that is highly **egregious** and very problematic to the entire population of prisoners that is house here. The facility understand wholeheartedly that not having a Law Library is stopping prisoners from being able to challedging the conditions of their confinement.

## The Scope Of The State's Duty To Provide Access To The Court

14) In other words, *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

15) Even if a prisoner is not indigent and has the financial resources to hire an attorney the state still has an obligation to provide him or her with a legal access program.
   See Also: Morello v. Smith, 810.F 2d 344, 346-47 (2d Cir. 1987)

# What Constitute An Adequate Law Library

16) A court may still decide that access to the court has been denied if books are frequently missing or prisoners can not use the Law Library. For example functionally illiterate prisoners, non-English speakers, and the blind can not use typical Law Libraries. When prisoners can not use the Law Library because of illiteracy, an inability to speak English, or a disability, the State may need to provide a legal assistant program consisting of persons trained in the law in addition to or in place of, an adequate Law Library.

17) See Also: Kivela v. United States Attorney Gen., 523 F. Supp. 1321, 1325., (S.D.N.Y.1981) (holding prisoners' rights of access to courts satisfied where state has provided either law books or legal counsel), aff'd, 688 F. 2d 815 (2d Cir 1982)

18) However, a prison can meet its obligation by providing some access to legal materials and some access to legal assistant.

## Adequate Assistance From Person Trained In The Law And Jailhouse Lawyers

19) Occasionally, the state may decide to fulfill its obligation by providing you with access to the court by allowing other prisoners to assist you. Prisoners who provide other prisoners with legal assistance called jailhouse lawyers or writ writers.

20) In *Johnson v. Avery*, the Supreme Court held that a state could not prevent one prisoner from assisting another prisoner in the preparation of his writ in the absence of reasonable alternatives to such assistance. Therefore, if the state does not provide you with any sort of adequate legal access program, it may not prohibit you from getting assistance from a jailhouse lawyer. The Ninth Circuit has held that jailhouse lawyers have the right to help other prisoners under the right of free association protected by the First Amendment. Regulating the activities of jailhouse lawyers should be examined by the *Turner v. Safley* test.

## The State's Duty To Provide Materials

21) The Supreme Court has held that the right of access to the courts includes providing indigent prisoners with papers and pen to draft legal documents, with the service of a notary to authenticate them, and with stamps to mail them. In other words, even if the state provides an adequate or assistance from persons trained in the Law, the State failure to provide you the materials that's necessary for drafting, notarizing and mailing your legal documents may also violate your rights to access to the courts.

See Also: Tuggle v. Barksdale, 641 F. Supp 34, 39-40 (W.D. Tenn. 1985)

## Conclusion

22) Therefore, if the state prevents you from doing legal research by not providing you with access to an adequate Law Library and the State also fails to provide you adequate assistance from persons trained in the law or some other legal access program, you may

be able to claim that your rights of access to the courts has been denied. Likewise if the state does not provide you with the materials necessary to prepare, mail or notarize petitions, complaints, you may be able to claim that your right of access to the courts has been denied.

See Also: William v. leeke, 584 F 2d 1336, 1339 (4th Cir. 1978)

23) Myself and a class of inmates attempted to challenge our conditions of confinement due to a system wide problem. There were 14 Claims and I will list them again in order to validate the merits of the claims
  1. Inadequate Law Library
  2. Medical Neglect
  3. Prolong lack of Dental Assistance
  4. Illegal Detention of Inmates in Segregation
  5. Assaults Against Inmates
  6. Improper RVR Hearings
  7. Lack of Clothing and Bed Linen
  8. Unsafe Locking Devices on all Cell Doors
  9. Unsafe Sleeping Arrangements
  10. Religious Discrimination
  11. Official Misconduct
  12. Lost, Stolen and Unmailed Mail

13. Notary and Copy Services
14. Medical - Improper Diet

24) I have had a nonfrivolous lawsuit rejected for deficiencies that I was not aware of. Had I had access to a law library or legal assistance I could have drafted a Complaint that the court would accept.
   (a) I have suffered a personal injury.
   (b) I did not know I couldn't represent the other inmates.
   (c) I did not know each plaintiff was required to signed the complaint.
   (d) I did not know each plaintiff had to do a separate, complete and original Request to Proceed in *Forma Pauperis*.

25) Every effort is made to frustrate access to the courts. I am challenging the conditions of my confinement and would also like to begin researching certain aspect of my criminal charges. I would like access to the law library or a trained legal assistant help to create meaningful nonfrivolous documents.
-end-

____/____/2007      [signature]

**UNITED STATES DISTRICT COURT**
**OFFICE OF THE CLERK**
**SOUTHERN DISTRICT OF MISSISSIPPI**

*MEMORANDUM*

TO: JOHNNY O'BRYANT
HARRISON COUNTY ADULT DETENTION CENTER
1419 LARKIN SMITH DRIVE
GULFPORT, MISSISSIPPI 39503

DATE: February 28, 2007

FROM: J. T. Noblin, Clerk
by: *Pro Se* Secretary

*Exhibit # 1*

SUBJECT: Your Complaint

This memorandum is to acknowledge receipt of the above-referenced document; however, your complaint was not filed and is being returned for the following deficiencies:

**EACH plaintiff is required to sign the complaint. Only you signed the complaint.**

**Further, you and each plaintiff must submit a separate, complete and original Request to Proceed *in Forma Pauperis*. You cannot represent the other plaintiffs.**