IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOHNNY O'BRYANT                                                                                        PLAINTIFF

VERSUS                                              CIVIL ACTION NO. 1:07cv477-LG-RHW

HARRISON COUNTY ADULT DETENTION CENTER,
SHERIFF GEORGE H. PAYNE, JR.,
WARDEN DONALD A. CABANA,
KARL STOLZE, RICK GASTON,
HARRISON COUNTY, MISSISSIPPI,
CHAPLIN JOE COLLINS, and
RHONDOLYN ROGERS                                                                                  DEFENDANTS

ORDER

BEFORE THE COURT is plaintiff's motion for appointment of counsel [9-1]; motion for a jury trial [10-1]; and request that this court disregard Exhibit #10 [11-1] in the above styled action.

There is no right to the automatic appointment of counsel in a civil case under 28 U.S.C. § 1915. Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982); Salmon v. Corpus Christi ISD, 911 F.2d 1165, 1166 (5th Cir. 1990). Section 1915(e)(1) authorizes federal courts only to request that a particular attorney undertake the representation of a litigant proceeding in forma pauperis; it does not authorize the Court to make coercive appointments of counsel. See Mallard v. U.S. District Court for the Southern District of Iowa, 490 U.S. 296, 310, 109 S.Ct. 1814, 1823, 104 L.Ed.2d 318 (1989). Indigent litigants in federal civil rights cases generally possess no constitutional or statutory right to appointed counsel. See Salmon v. Corpus Christi ISD, 911 F.2d 1165, 1166 (5th Cir. 1990); Jackson v. Cain, 864 F.2d 1235, 1242 (5th Cir. 1989); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987). A trial court is not required to appoint counsel for an indigent party in a civil rights lawsuit unless the case presents truly exceptional circumstances. See Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir.

1988); Good v. Allain, 823 F.2d 64, 66 (5th Cir. 1987); Feist v. Jefferson County Commissioners Court, 778 F.2d 250, 253 (5th Cir. 1985); and Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).

Although no comprehensive definition of "exceptional circumstances" is practical, the existence of such circumstances will necessarily turn on two basic considerations: (1) the type and complexity of the case and (2) the abilities of the individual bringing it. See Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988); Good v. Allain, 823 F.2d 64, 66 (5th Cir. 1987); Feist v. Jefferson County Commissioners Court, 778 F.2d 250, 253 (5th Cir. 1985); and Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).

The United States Court of Appeals for the Fifth Circuit has directed trial courts to consider whether the appointment of counsel would be of service not only to the plaintiff, but also possibly to the Court and the defendant, through sharpening of issues, the shaping of the examination and cross-examination of witnesses, and, thus the shortening of trial and assisting in a just determination. See Cooper v. Sheriff, Lubbock County, Texas, 929 F.2d 1078, 1084 (5th Cir. 1991); Jackson v. Dallas Police Department, 811 F.2d 260, 262 (5th Cir. 1986); Feist v. Jefferson County Commissioners Court, 778 F.2d at 253; and Ulmer v. Chancellor, 691 F.2d at 213. It is also appropriate for the Court to consider whether the indigent plaintiff has demonstrated an inability to secure the assistance of private counsel, especially in view of the opportunity for a prevailing Section 1983 plaintiff to recover attorney's fees. See Jackson v. Cain, 864 F.2d at 1242.

This Court is given considerable discretion in determining whether to appoint counsel. Ulmer v. Chancellor, 691 F.2d 209, 211 (5th Cir. 1982). Plaintiff's complaint is well presented and contains no novel points of law which would indicate the presence of

2

"exceptional circumstances". Therefore, counsel will not be appointed to the plaintiff at this juncture of the proceedings. Accordingly, it is

ORDERED AND ADJUDGED, plaintiff's motion for appointment of counsel [9-1] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED, plaintiff's motion for a jury trial [10-1] is **granted**.

IT IS FURTHER ORDERED AND ADJUDGED, that plaintiff's letter [11-1] requesting that this Court disregard Exhibit #10 to the exhibits/attachments [8-1] filed May 17, 2007, is granted.

This the 22nd day of May, 2007.

*s/ Robert H. Walker*
UNITED STATES DISTRICT JUDGE