# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**JOHNNY O'BRYANT**                                                                 **PLAINTIFF**

**V.**                                            **CIVIL ACTION NO.  1:07cv477 LG-RHW**

**HARRISON COUNTY ADULT
DETENTION CENTER, HARRISON
COUNTY, MISSISSIPPI, SHERIFF GEORGE
PAYNE, JR., WARDEN DONALD A.
CABANA, CHAPLAIN JOE COLLINS,
RHONDALYN ROGERS, FORMER DEPUTY
KARL STOLZE, AND FORMER DEPUTY
RICK GASTON**                                                                 **DEFENDANTS**

## ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES OF DEFENDANTS SHERIFF GEORGE PAYNE, JR., WARDEN DONALD A. CABANA, RHONDALYN ROGERS, AND CHAPLAIN JOE COLLINS

COME NOW Defendants, Sheriff George Payne, Officially and in His Individual

Capacity as Sheriff of Harrison County, Warden Donald A. Cabana, in his official and individual

capacities,  Rhondalyn Rogers, in her official and individual capacities, and Chaplain Joe

Collins, by and through their attorneys, Dukes, Dukes, Keating & Faneca, P.A., and pursuant to

the Federal Rules of Civil Procedure, file this Answer, Defenses and Affirmative Defenses to

Plaintiff's Complaint (DN 1), First Amended Complaint (DN 7), and Plaintiff's

Exhibits/Attachments (DN 8), as follows, to wit:

### FIRST DEFENSE

To the extent Plaintiff raises any claims under Mississippi law, Plaintiff has failed to

comply with the requirements of the Mississippi Tort Claims Act, Miss. Code Ann. §11-46-1, et.

seq., including the notice requirements of §11-46-11.

## SECOND DEFENSE

The Complaint and Amended Complaint, and all attachments fail to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## THIRD DEFENSE

The Defendants specifically reserve and invoke all other rights and defenses available unto them, including but not limited to, those set forth in Rules 8(c), 12(b), and 19 of the Federal Rules of Civil Procedure, the Mississippi Code Annotated of 1972, as amended, including the Mississippi Tort Claims Act, the United States Code, and/or common law, for which a good-faith legal and/or factual basis exists in their favor.

## FOURTH DEFENSE

That at all times relevant to Plaintiff's claims, these answering Defendants acted in a reasonable manner and in good faith while in the course and scope of their employment and in the execution of their official duties, and therefore, these answering Defendants are immune from liability.

## FIFTH DEFENSE

Defendants would state that Sheriff is the only policymaker at the Harrison County Sheriff's Department and no other Defendants' or any other individual's conduct can be characterized as that of a policymaker. Therefore, no Defendant or any other individual's conduct can attribute liability to the Harrison County Sheriff's Department or Harrison County itself. In the alternative, in the event any Defendant or other individual is deemed to be a policymaker at the Harrison County Adult Detention Center, (hereinafter "HCADC"), all allegations of official capacity liability against that person are denied.

## Sixth Defense

Defendant Collins is the chaplain at the HCADC and was not acting under color of state or federal law, a necessary precondition to inclusion of any person or entity as a defendant in an action under 42 U.S.C. §1983. Additionally, Defendant Collins' conduct can not be attributable to the state through any approved method of analysis, and consequently, Defendant Collins was not acting under color of law. Therefore, Plaintiff has failed to state a claim upon which relief can be granted against Defendant Collins, and his Complaints should be dismissed.

## COMPLAINT (DN 1)

AND NOW, in response to the allegations of the Complaint filed on March 19, 2007, these Defendants answer Paragraph by Paragraph as follows:

### Parties: Plaintiff

In response to the allegations in Paragraph 1 of the Complaint on Page 2, Defendants admit that the Plaintiff is incarcerated at the HCADC.

### Parties: Defendants

In response to the allegations in Paragraph 2 of the Complaint on Page 2, entitled "Parties: Defendants," Defendants will answer subsection by subsection as follows:

A. Defendants admit that George Payne, Jr., is the Sheriff of Harrison County, Mississippi, and his place of employment is the HCADC, 10451 Larkin Smith Drive, Gulfport, Mississippi 39503.

B. Defendants admit that Donald A. Cabana is the Warden at the HCADC, and his place of employment is the HCADC, 10451 Larkin Smith Drive, Gulfport, Mississippi 39503.

C.  It is denied that Karl Stolze is employed with the Harrison County Sheriff's Department, or that his place of employment is the HCADC, 10451 Larkin Smith Drive, Gulfport, Mississippi  39503.

## GENERAL INFORMATION

In regards to the allegations contained in subparts A-F of the Section entitled "General Information," including all subsections, Defendants would state that they are currently without sufficient knowledge or information to form a belief as to the truth of all allegations.  Therefore, out of an abundance of caution, these allegations are denied.

## STATEMENT OF CLAIM

In response to the allegations concerning Plaintiff's "Claim # 1 Assault" which is found in Section III beginning on Page 4 and ending on Page 8, including Paragraphs 1-12, these answering  Defendants would state that at all relevant times these answering Defendants properly responded to Plaintiff's grievances and medical needs in accordance with the applicable policies and procedures in place at the HCADC.  At all times relevant, Plaintiff was properly classified and assigned to an appropriate housing unit at the HCADC.  Additionally, these answering Defendants were never deliberately indifferent to Plaintiff's needs.  Lastly, Defendants specifically deny that they committed any act or omission which constitutes a violation of Plaintiff's constitutional or other rights.

1.  In response to the allegations contained in Paragraph 1, it is admitted that Plaintiff was housed in Block D, Section F on September 25, 2006; however, in response to all remaining allegations contained in this Paragraph, Defendants are currently without sufficient knowledge or information to form a belief as to the truth of these allegations.  Therefore, out of an abundance of caution, said allegations are denied.

2-10.  In response to the allegations contained in Paragraphs 2-10 on Pages 5-8 of the Complaint, Defendants are currently without sufficient knowledge or information to form a belief as to the truth of these allegations.  Therefore, out of an abundance of caution, said allegations are denied.

11.  In response to the allegations contained in Paragraph 11 on Page 8 of the Complaint, it is admitted that Defendant Cabana ordered Internal Affairs to conduct an investigation.  In response to all remaining allegations, Defendants are currently without sufficient knowledge or information to form a belief as to the truth of these allegations.  Therefore, out of an abundance of caution, said allegations are denied.

12.  The allegations in Paragraph 12 do not appear to call for a response from these answering Defendants as phrased.

In response to the allegations concerning Plaintiff's "Claim # 2 Religious Discrimination and Civil Rights Violations," which is found in Paragraphs 1-7 beginning on Page 9 and ending on Page 10 of the Complaint, these answering Defendants specifically deny that they committed any act or omission which constitutes a violation of Plaintiff's constitutional or other rights.

1-2.  In response to the allegations contained in Paragraphs 1-2, Defendants are currently without sufficient knowledge or information to form a belief as to the truth of these allegations; therefore, out of an abundance of caution, said allegations are denied.

3.  The allegations contained in Paragraph 3 on Page 9 are denied.

4.  The allegations contained in Paragraph 4 on Pages 9 and 10 are denied.

5.  In response to the allegations contained in Paragraph 5, Defendants are currently without sufficient knowledge or information to form a belief as to the truth of these allegations; therefore, out of an abundance of caution, said allegations are denied.

6. The allegations contained in Paragraph 6 on Page 10 are denied.

7. The allegations contained in Paragraph 7 on Page 10 are denied.

RELIEF

In response to the allegations contained in Paragraph IV entitled "Relief" on Page 4 of the Complaint, Defendants deny all allegations contained therein and specifically deny that they are in any manner liable to Plaintiff for any sum or damages whatsoever.

Defendants specifically deny each and every allegation of Plaintiff's Complaint, and any and all related Exhibits which have not been specifically admitted, regardless of Paragraph number or lack thereof or Paragraph letter or lack thereof.

FIRST AMENDED COMPLAINT (DN 7)

AND NOW, in response to the allegations of the First Amended Complaint filed on April 27, 2007, Defendants answer this Amended Complaint Paragraph by Paragraph as follows:

RESPONSE TO THE COURT'S ORDER

All allegations in the Paragraph entitled "Response to the Court's Orders," including subparts (a)-(d), are denied.

PARTIES

1. In response to the allegations in Paragraph 1, it is admitted that Plaintiff is an inmate currently incarcerated at the HCADC, 10451 Larkin Smith Drive, Gulfport, Mississippi 39503. However, Defendants are currently without sufficient knowledge or information to form a belief as to the truth of the remaining allegations. Therefore, out of an abundance of caution, all remaining allegations are denied.

2. The allegations contained in Paragraph 2 are not directed to the answering Defendants; however, out of an abundance of caution, said allegations are denied.

3.   The allegations contained in Paragraph 3 are admitted.

4.   The allegations contained in Paragraph 4 are admitted.

5.   The allegations contained in Paragraph 5 are admitted.

6.   In response to the allegations contained in Paragraph 6, Defendants would state that Rhondalyn Rogers was the Legal Resource Assistant for the HCADC from on or about October 10, 2002, until the approximate date of September 8, 2006, when she became the Executive Secretary for the Professional Standards Unit at the HCADC.  All remaining allegations are denied.

7.   The allegations contained in Paragraph 7 are not directed to the answering Defendants; however, out of an abundance of caution, said allegations are denied.

8.   The allegations contained in Paragraph 8 are not directed to the answering Defendants; however, out of an abundance of caution, said allegations are denied.

## RESPONSE TO THE COURT'S ORDER

To the extent any of the allegations in the Paragraph entitled "Response to the Court's Orders," including subparts (a)-(d) make any implications of liability against these answering Defendants, said allegations are denied.  Additionally, Defendants deny that Plaintiff has or is able to prove any type of unconstitutional policy, custom, or practice at the HCADC.  Lastly, Defendants deny that Defendant Collins was acting under color of state or federal law.  All remaining allegations are denied.

## FACTS

In response to the Section entitled "Facts" in Paragraphs 9-53, Defendants would specifically deny that they committed any act or omission which constitutes a violation of

Plaintiff's constitutional or other rights.  Additionally, Defendants answer Paragraph by Paragraph as follows:

9.  In response to the allegations in Paragraph 9, it is admitted that Plaintiff was housed in Block D, Section F of the HCADC on September 25, 2006.  In response to all remaining allegations in this Paragraph, Defendants are currently without sufficient information to form a belief as to the truth of the allegations; therefore, out of an abundance of caution, said allegations are denied.

10-25.  In response to the allegations in Paragraphs 10-25, Defendants are currently without sufficient information to form a belief as to the truth of the allegations; therefore, out of an abundance of caution, said allegations are denied.

26.  The allegations contained in Paragraph 26 are denied.

27.  In response to the allegations in Paragraph 27, Defendants are currently without sufficient information to form a belief as to the truth of the allegations; therefore, out of an abundance of caution, said allegations are denied.

28.  The allegations contained in Paragraph 28 are denied.

29.  The allegations contained in Paragraph 29 are denied.

30.  In response to the allegations in Paragraph 30, it is denied that any of these answering Defendants tried to conceal the truth, and it is also denied that they violated any federal statute. In response to the remaining allegations in this Paragraph, Defendants are currently without sufficient information to form a belief as to the truth of the allegations; therefore, out of an abundance of caution, said allegations are denied.

31-32.  In response to the allegations in Paragraphs 31-32, Defendants are currently without sufficient information to form a belief as to the truth of the allegations; therefore, out of an abundance of caution, said allegations are denied.

33.  The allegations contained in Paragraph 33 are denied.

34.  In response to the allegations in Paragraph 34, it is admitted that there is a wing at the HCADC in which individuals are housed who are enrolled in the Life Learning Program administered by Good News Jail and Prison Ministry.  In response to the remaining allegations, Defendants are currently without sufficient information to form a belief as to the truth of the allegations; therefore, out of an abundance of caution, said allegations are denied.

35.  In response to the allegations in Paragraph 35, it is admitted to the extent that Defendant Collins, who is the Chaplain at the HCADC, administers a Life Learning Program at the HCADC, when the basic purpose of such program is to give the inmates the opportunity to learn basic life-skills and put them into practice so that they may experience an effectual and measurable change in their lives.  The ultimate purpose of said program is to return inmates to society who are interested in participating if the individuals are prepared and willing to be positive and protective citizens in their home, workplace, and community, thus reducing crime and recidivism and the associated burden it places on the cost of managing inmates.  It is not mandatory for inmates to participate in this program; this is a volunteer program in which an inmate can decide to participate or not.  In response to all remaining allegations in this Paragraph, Defendants are currently without sufficient information to form a belief as to the truth of the allegations; therefore, out of an abundance of caution, said allegations are denied.

36.  In response to the allegations contained in Paragraph 36, it is admitted to the extent that at times there are preachers, ministers, and other members of churches that are allowed into the HCADC to meet with individuals on a volunteer basis during permitted periods of time.  In response to all remaining allegations in this Paragraph, Defendants are currently without

sufficient information to form a belief as to the truth of the allegations; therefore, out of an abundance of caution, said allegations are denied.

37. The allegations contained in Paragraph 37 are denied.

38. In response to the allegations contained in Paragraph 38, it is admitted that the Defendants sometimes attend the Life Learning Program's graduation ceremony, and that Chaplain Joe Collins is in charge of the organization and administration of such ceremony. However, all remaining allegations in this Paragraph are denied.

39. The allegations contained in Paragraph 39 are denied.

40-41. In response to the allegations in Paragraphs 40-41, Defendants are currently without sufficient information to form a belief as to the truth of the allegations; therefore, out of an abundance of caution, said allegations are denied.

42. The allegations contained in Paragraph 42 are denied.

43. In response to the allegations in Paragraphs 43, Defendants are currently without sufficient information to form a belief as to the truth of the allegations; therefore, out of an abundance of caution, said allegations are denied.

44. In response to the allegations in Paragraphs 44, Defendants are currently without sufficient information to form a belief as to the truth of the allegation that Plaintiff and other inmates have drafted a class action; therefore, out of an abundance of caution, Defendants deny same. In response to all remaining allegations, said allegations are denied.

45-48. In response to the allegations in Paragraphs 45-48, Defendants are currently without sufficient information to form a belief as to the truth of the allegations; therefore, out of an abundance of caution, said allegations are denied.

49. The allegations contained in Paragraph 49 are denied.

50.  The allegations contained in Paragraph 50 are denied.

51-52.  In response to the allegations in Paragraphs 51-52, including subparts, Defendants are currently without sufficient information to form a belief as to the truth of the allegations; therefore, out of an abundance of caution, said allegations are denied.

53.  The allegations contained in Paragraph 53 are denied.

## COUNT 1
## BREACH OF DUTY TO PROTECT

54.  To the extent any of the allegations contained in Paragraph 54 of the Amended Complaint make any implication of liability against these answering Defendants, said allegations are denied.

55.  The allegations contained in Paragraph 55 are denied.

56.  The allegations contained in Paragraph 56 are denied.

57.  In response to the allegations in Paragraph 57, these answering Defendants specifically deny that they were ever deliberately indifferent to Plaintiff's needs.  In addition, they would deny that they committed any act or omission which constituted a violation of Plaintiff's constitutional or other rights.  In response to all remaining allegations contained in this Paragraph, Defendants are currently without sufficient knowledge or information to form a belief as to the truth of these allegations; therefore, out of an abundance of caution, said allegations are denied.

58.  The allegations contained in Paragraph 58 are denied.

59.  In response to the allegations contained in Paragraph 59, Defendants are currently without sufficient knowledge or information to form a belief as to the truth of these allegations; therefore, out of an abundance of caution, said allegations are denied.

## COUNT 2
### INADEQUATE OPPORTUNITY TO PRACTICE RELIGION

_____60.  To the extent any of the allegations contained in Paragraph 60 of the Amended

Complaint make any implication of liability against these answering Defendants, said allegations

are denied.

61.  The allegations contained in Paragraph 61are denied.

62.  The allegations contained in Paragraph 62 are denied.

63.  In response to the allegations contained in Paragraph 63, it is specifically denied that

Defendants were deliberately indifferent to the Plaintiff's needs and rights.  In response to the

remaining allegations contained in this Paragraph, Defendants are currently without sufficient

knowledge or information to form a belief as to the truth of these allegations; therefore, out of an

abundance of caution, said allegations are denied.

64.  In response to the allegations contained in Paragraph 64, Defendants are currently

without sufficient knowledge or information to form a belief as to the truth of these allegations;

therefore, out of an abundance of caution, said allegations are denied.

65.  The allegations contained in Paragraph 65 are denied.

66.  In response to the allegations contained in Paragraph 66, it is specifically denied that

Defendants committed any act which constitutes a violation of Plaintiff's constitutional or other

rights.  Defendants would state that Plaintiff is currently allowed to wear his Kufi inside his

Section and in designated worship areas.  However, due to security reasons, Plaintiff is not

permitted to wear such garments at any other locations.  Additionally, Plaintiff is allowed to have

fellowship with any and all inmates in his Section who may be of the same faith and at

designated worship times.  Lastly, Defendant Collins has always attempted to provide services to

Muslim inmates as much as the Islamic community would support. In response to all remaining allegations contained in this Paragraph, Defendants are currently without sufficient knowledge or information to form a belief as to the truth of these allegations; therefore, out of an abundance of caution, said allegations are denied.

67. The allegations contained in Paragraph 67 are denied.

68. The allegations contained in Paragraph 68 are denied.

### COUNT 3
### INADEQUATE LAW LIBRARY
### FAILURE TO PROVIDE ACCESS TO THE COURTS

69. To the extent any of the allegations contained in Paragraph 69 of the Amended Complaint make any implication of liability against these answering Defendants, said allegations are denied.

70. The allegations contained in Paragraph 70 are denied.

71. The allegations contained in Paragraph 71 are denied.

72. The allegations contained in Paragraph 72 are denied.

73. The allegations contained in Paragraph 73 are denied.

74. In response to the allegations contained in Paragraph 74, Defendants are currently without sufficient knowledge or information to form a belief as to the truth of these allegations; therefore, out of an abundance of caution, said allegations are denied.

75. The allegations contained in Paragraph 75 are denied.

76. The allegations contained in Paragraph 76 are denied.

77. The allegations contained in Paragraph 77 are denied.

78. The allegations in Paragraph 78 are denied.

79. The allegations in Paragraph 79 are denied.

_____80.  In response to Paragraph 80, Defendants deny all allegations contained therein, and specifically deny that they are in any manner liable to Plaintiff for any sum or damages whatsoever.  Additionally, Defendants deny that Plaintiff is entitled to any type of injunctive relief.

81.  In response to Paragraph 81, Defendants deny all allegations contained therein, and specifically deny that they are in any manner liable to Plaintiff for any sum or damages whatsoever.

82.  In response to Paragraph 82, Defendants deny all allegations contained therein, and specifically deny that they are in any manner liable to Plaintiff for any sum or damages whatsoever.  Additionally, Defendants deny that Plaintiff is entitled to any type of injunctive or declaratory relief.

Defendants specifically deny each and every material allegation contained in Plaintiff's Amended Complaint, and the Exhibits/Attachments in DN 7-2 and DN 8-1, which have not been specifically admitted regardless of Paragraph number or lack thereof or Paragraph letter or lack thereof.

## AFFIRMATIVE DEFENSES

AND NOW, having answered the Complaint, as amended, the Defendants assert the following affirmative defenses to be shown and proven at a trial or a hearing of this matter:

## I.

The Plaintiff cannot demonstrate the existence of any policy, custom, or usage of the Harrison County Sheriff's Office which later could have led to the alleged constitutional

deprivation of which Plaintiff complains, and therefore, Plaintiff cannot maintain a claim against these Defendants pursuant to 42 U.S.C. § 1983.

## II.

Defendants invoke the provisions of § 85-5-7, Miss. Code Ann. of 1972, as amended, thus reserving any claims for apportionment, contribution and/or indemnity as to other named or unnamed tortfeasors.

## III.

The Defendants plead all applicable privileges and immunities under both state and federal law, including, but not limited to, the common law and statutory doctrine of sovereign immunity, absolute immunity, and qualified immunity.  The Defendants state that they are protected by sovereign, absolute, and/or qualified immunity against any claims for penalties, damages, attorneys' fees, or any other damages as requested in the Plaintiff's Complaint, First Amended Complaint and Exhibits/Attachments.

## IV.

To the extent the Complaint, First Amended Complaint, and Exhibits/Attachments raise any claim under Mississippi law, the Defendants specifically plead all protections to which they are entitled pursuant to §11-46-1, et seq., of the Mississippi Code of 1972, commonly known as the Mississippi Tort Claims Act, including, but not limited to, all notice requirements; all exemptions from the waiver of sovereign immunity; all statutes of limitations; the Defendants' right to a bench trial; and all limitations on liability contained therein.

## V.

The Defendants would show that at all times while dealing with the Plaintiff or any other inmate at the HCADC, Defendants acted in a professional manner and conducted any and all of

their interaction with the Plaintiff in accordance with the professional standards for inmate medical care, management and/or supervision, and the applicable grievance procedures. Unusual treatment, if any, was a result of and was entirely justified by the legitimate penological needs of the HCADC in securing individuals who presented a risk to other inmates or jail staff due to their criminal histories and their demonstrated efforts to act defiantly. As such, to the extent any of Plaintiff's allegations are later proven to be true, they were entirely justified under the circumstances and in no way violated the Plaintiff's rights or any other provision of federal or state law.

## VI.

That the damages allegedly sustained by the Plaintiff are speculative and are not recoverable.

## VII.

That the Defendants reserve their right to seek a setoff and/or credit for any sums paid or any other things of value given to or conferred upon Plaintiff arising out of or in any manner related to this incident, including any reduction in potential criminal penalties or which otherwise served to reduce or mitigate Plaintiff's alleged damages. In addition or in the alternative, Defendants would affirmatively show that Plaintiff failed to mitigate his damages and Defendants are therefore entitled to all appropriate setoffs and/or credits or a reduction of Plaintiff's alleged damages, due to said failure to mitigate.

## VIII.

Defendants specifically plead the doctrines of contributory and comparative negligence.

## IX.

The Defendants would show that the Complaint, First Amended Complaint, and Exhibits/Attachments, to the extent that they seek punitive or exemplary damages, violate certain provisions of the Constitution of the United States and the Mississippi Constitution, including, but not limited to, the following:

It violates the Defendants' protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and Article 3, Section 28 of the Constitution of the State of Mississippi.

It further violates the Defendants' rights to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Mississippi.

It violates the Fourteenth Amendment as said Amendment guarantees the Defendants equal protection of the law, and the Fourteenth Amendment would be violated by the imposition of punitive damages in that such a sanction is discriminatory and arbitrary in penalizing the Defendants on the basis of wealth.

## X.

The Fourth, Fifth, and Sixth Amendments form the basis for laws governing the process, convicting, and sentencing of criminal defendants, and to the extent that the Defendants are subjected to criminal sanctions through punitive damages, the burden of proof for imposing punitive damages is "beyond a reasonable doubt."

## XI.

None of the Plaintiff's alleged injuries are the result of any policy, custom, or usage of the Harrison County Sheriff's Office which led or could have led to the alleged constitutional

deprivations of which Plaintiff complains, and therefore, he cannot maintain a claim against these Defendants pursuant to 42 U.S.C. §1983. The Harrison County Sheriff's Department had in place adequate policies and procedures which would have allowed Plaintiff to resolve his complaints, but Plaintiff failed to mitigate his damages by failing to utilize said policies and procedures.

## XII.

To the extent the Plaintiff has not exhausted his administrative remedies, the Defendants would show that the Complaint and Amended Complaint should be dismissed.

## XIII.

The Defendants specifically invoke and plead all defenses to which they may be entitled under the Prison Litigation Reform Act, 42 U.S.C. §1997e(e).

## XIV.

Defendants would show that Plaintiff was afforded all protections due him under the United States Constitution, that any actions by Defendants were reasonable, proper, and complied with any and all constitutional standards, and that there was no violation whatsoever of any of Plaintiff's constitutional or other rights. These answering Defendants would show that they were not deliberately indifferent, subjectively or otherwise, in any contact with Plaintiff, including any need for medical treatment. Additionally, these answering Defendants would show that any and all policies and procedures pertaining to the operation and the staff of the HCADC were adequate, proper, reasonable, and conformed with any and all constitutional standards and/or requirements.

## XV.

Defendants would show that there can be no liability under Section 1983 under the doctrine of respondeat superior. Defendants would further show that they did not have actual,

subjective knowledge of a substantial risk of serious harm to Plaintiff nor did they respond with subjective deliberate indifference to such a risk under any interpretation of the United States Constitution.

## XVI.

The Defendants would show and aver that any damages incurred, the same being denied, were solely, directly, and proximately the result of the negligent and/or intentional acts or omissions of Plaintiff and/or persons other than the answering Defendants, and were the sole proximate cause and/or substantial contributing cause of any incident complained of by the Plaintiff and any and all injuries sustained by the Plaintiff, if any, all of which are denied, and that these activities on the part of the Plaintiff and/or other persons absolve the answering Defendants herein of any liability whatsoever. In the alternative, the Plaintiff's damages, if any, all of which are denied, were proximately caused by an independent intervening and/or superseding cause such as to bar the Plaintiff's claims against the answering Defendants.

## XVII.

Defendants would show that any and all actions taken on their part were in a good faith effort to maintain order and discipline at the HCADC.

## XVIII.

Defendants specifically assert that any cause of action asserted by the Plaintiff is barred by the applicable statute of limitations.

## XIX.

Defendants would state that Sheriff is the only policymaker at the Harrison County Sheriff's Department and no other Defendants' or any other individual's conduct can be

characterized as that of a policymaker. Therefore, no Defendant or any other individual's conduct can attribute liability to the Harrison County Sheriff's Department or Harrison County itself. In the alternative, in the event any Defendant or other individual is deemed to be a policymaker at the HCADC, all allegations of official capacity liability against that person are denied.

## XX.

Defendant Collins is the chaplain at the HCADC and was not acting under color of state or federal law, a necessary precondition to inclusion of any person or entity as a defendant in an action under 42 U.S.C. §1983. Additionally, Defendant Collins conduct can not be attributable to the state through any approved method of analysis, and consequently, Defendant Collins was not acting under color of law. Therefore, Plaintiff has failed to state a claim upon which relief can be granted against Defendant Collins and his Complaints should be dismissed.

## XXI.

The Defendants specifically plead Miss. Code Ann. 11-46-9(l)(m) which exempts governmental entities from the waiver of sovereign immunity for any claim of any claimant who at the time the claim arises is an inmate of any detention center, jail, . . .or other such institution, regardless of whether such claimant is or is not an inmate of any detention center, jail, . . . or other such institution where the claim is filed.

## XXII.

In the event Plaintiff is seeking punitive damages, Plaintiff is prohibited from recovering these specific damages under federal law against a municipality.

## XXIII.

Defendants specifically deny each and every material allegation of the Complaint, First Amended Complaint, and all Exhibits/Attachments which have not been specifically admitted, regardless of paragraph number or lack thereof or paragraph letter or lack thereof.

**XXIV.**

The Defendants further reserve the right to amend or supplement this Answer, Defenses, and Affirmative Defenses as discovery and investigation continue.

AND NOW, having fully answered and set forth their Answer, Defenses, and Affirmative Defenses to the Complaint, as amended, the Defendants respectfully request that they be dismissed from this civil action with their proper costs.

RESPECTFULLY SUBMITTED, this the 11th day of July, 2007.

> **SHERIFF GEORGE PAYNE, JR.,WARDEN DONALD A. CABANA, CHAPLAIN JOE COLLINS, AND RHONDALYN ROGERS, Defendants**

> BY:    **DUKES, DUKES, KEATING & FANECA, P.A.**

> BY:    *s/Haley N. Broom*
>         HALEY N. BROOM, MSB #101838

Cy Faneca,  MSB #5128
Haley Broom MSB #101838
**DUKES, DUKES, KEATING AND FANECA, P.A.**
2909 13th St., Sixth Floor
Post Office Drawer W
Gulfport, MS   39502
Telephone:  228/868-1111
Facsimile:   228/863-2886

<u>**CERTIFICATE OF SERVICE**</u>

I, HALEY N. BROOM, do hereby certify that I have this day delivered, via United States Mail, postage fully pre-paid, a true and correct copy of the above and foregoing pleading to the following:

>Johnny O'Bryant, #289746
>Harrison County Adult Detention Center
>10451 Larkin Smith Drive
>Gulfport, Mississippi  39503

This, the 11th day of July, 2007.

*s/Haley N. Broom*
HALEY N. BROOM