**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

JOHNNY O'BRYANT                                                              PLAINTIFF

V.                                                    CIVIL ACTION NO.  1:07cv477 LG-RHW

HARRISON COUNTY ADULT
DETENTION CENTER, HARRISON
COUNTY, MISSISSIPPI, SHERIFF GEORGE
PAYNE, JR., WARDEN DONALD A.
CABANA, CHAPLAIN JOE COLLINS,
RHONDALYN ROGERS, FORMER DEPUTY
KARL STOLZE, AND FORMER DEPUTY
RICK GASTON                                                                  DEFENDANTS


**MEMORANDUM OF AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO STAY**

COME NOW Defendants, George Payne, Officially and in His Individual Capacity as

Sheriff of Harrison County, Warden Donald A. Cabana, in his official and individual capacities,

Rhondalyn Rogers, in her official and individual capacities, and Chaplain Joe Collins, by and

through their attorneys, Dukes, Dukes, Keating & Faneca, P.A., reserving all other defenses and

privileges to which they may be entitled, and file this Memorandum of Authorities in support of

their Motion to Stay Proceedings, and would respectfully show unto the Court the following, to

wit:

**I.      BACKGROUND**

Plaintiff filed suit in this Court on March 19, 2007, alleging that Defendants are liable to

him on various grounds as alleged in the Complaint (DN 1) and Amended Complaint (DN 7)

arising out of alleged incidents which occurred at the Harrison County Adult Detention Center

(hereinafter "HCADC") on or about September 25, 2006, and December 24, 2006.

As established by correspondence received from the United States Department of Justice, which is attached to the Motion as **Exhibit "A"**, the Department of Justice (hereinafter "DOJ") and the Mississippi Bureau of Investigation (hereinafter "MBI") have been and currently are conducting an investigation into all allegations of officers using excessive force against inmates at the HCADC. Since Plaintiff alleges he was subjected to the use of excessive force while at the HCADC, amongst other allegations, this incident is under investigation by both the DOJ and the MBI. Additionally, as further established by this letter, the DOJ has requested the Harrison County Sheriff's Department not to release any information regarding allegations of excessive force with anyone outside the Sheriff's Department, with the exception of the parties in United States v. Teel. See Exhibit "A". Consequently, the Defendants are subject to the DOJ's request not to release or produce any items or information at this time.

This Court has judicial notice that criminal charges have been filed against ten (10) officers who were employed by Harrison County Sheriff's Department regarding either the use of excessive force, conspiracy to deprive rights under color of law by way of excessive force, or destruction, alternation, or falsification of records in a federal investigation while employed at the HCADC. See Criminal Numbers 1:06cr65, 1:06cr116, 1:06cr117, 1:06cr137,1:06cr79 (1-4), 1:07cr4, and 1:07cr68. Amongst these criminal charges are charges against Defendants Gaston and Stolze. See Criminal Numbers 1:06cr79(2) and 1:06cr79(4).

Because of the parallel and almost identical nature of issues raised in the above referenced criminal case and this present civil action, there presently exists the issue that Defendants Gaston and Stolze will in all likelihood invoke their Fifth Amendment right against self-incrimination in these civil proceedings. Furthermore, if the investigation results in further indictments and related criminal proceedings, potential criminal defendant's privilege against

self-incrimination under the Fifth Amendment to the U.S. Constitution would also be severely compromised and prejudiced if the Defendants in this case are forced to mount a defense, and key fact witnesses are required to fully participate in this civil action at the present time. In order to fully preserve the privilege against self-incrimination, the Defendants and key fact witnesses in this case might be forced to invoke it in these proceedings, which could severely inhibit the due process right to mount a full and complete defense to the allegations raised in the Complaint.

Additionally, unless a stay is granted, Defendants are placed in a position of having to choose between a potential obstruction of justice charge for ignoring the DOJ's request or violating the Court's discovery orders to produce certain items. If the Defendants attempt to conform to the DOJ's requests while simultaneously complying with the Plaintiff's discovery requests, discovery would be severely limited and the restriction placed on these Defendants would severely hamper this case.

The balance of interests weighs heavily in favor of granting such a stay and extension of time, since the prejudice to Plaintiff would be slight. On the other hand, forcing this civil action to proceed at this time during the pendency of any ongoing criminal proceeding involving the same facts would potentially prejudice not only Defendants Gaston and Stolze's privilege against self-incrimination, but also any other potential criminal defendants' privilege.

For the foregoing reasons, Defendants respectfully move this Honorable Court to order a stay of this proceeding until such time as any criminal proceedings related to this incident have been fully resolved, and the privilege against self-incrimination no longer attaches.

## II.     LEGAL ARGUMENT

The Fifth Circuit has recognized a clear cut distinction between private interests in civil litigation and the public interest in a criminal prosecution and between a civil trial and a criminal

trial. "The very fact that there is clear distinction between civil and criminal actions requires a government policy determination of priority: which case should be tried first." Campbell v. Eastland, 307 F.2d 478, 487 (5th Cir. 1962). Because administrative policy gives priority to the public interest in law enforcement, the Fifth Circuit has held that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims. See id. In handling motions for a stay of a civil suit until the disposition of criminal prosecution on related matters, "a judge should be sensitive to the difference in the rules of discovery in civil and criminal cases." Id.

The legal standard in the Fifth Circuit for staying a civil case pending parallel criminal proceedings is that a party seeking a stay must show "special circumstances" and the need to avoid "substantial and irreparable prejudice." SEC v. Kornman, 2006 U.S. Dist. LEXIS 2107 (N.D. Tex., Jan. 18, 2006)(citing United States v. Little Al, 712 F.2d 133, 136 (5th Cir. 1983) (in turn quoting SEC v. First Fin. Group of Tex., Inc., 659 F.2d 660, 668 (5th Cir. Oct. 1981)). Moreover, in deciding whether to grant a request to stay the civil side of parallel civil/criminal proceedings: "[j]udicial discretion and procedural flexibility should be used to harmonize the conflicting rules and to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other." Id.; See also, Campbell v. Eastland, 307 F.2d 478, 487 (5th Cir. 1962); SEC v. Mutuals.Com, Inc., 2004 U.S. Dist. LEXIS 13718, 2004 WL 1629929 at * 2 (N.D. Tex. July 20, 2004)(citing United States v. Gieger Transfer Serv., Inc., 174 F.R.D. 382, 385 (S.D.Miss. 1997)).

Other federal appellate courts have addressed this issue as well. While the Constitution does not automatically require a stay of civil proceedings pending the outcome of related

criminal proceedings, a court has the discretion to stay civil proceedings when the interests of

justice seem to require such action. See Afro-Lecon, Inc. v. United States, 820 F.2d 1198, 1202

(Fed. Cir. 1987). In addressing previous appellate decisions on this issue, the Federal Circuit

Court of Appeals agreed with the approach that a court should make a case by case determination

of whether to grant a stay of civil proceedings. See id. Other than where there is specific

evidence of the government's bad faith or malicious tactics,

> the strongest case for deferring civil proceedings until after
> completion of criminal proceedings is where a party under
> indictment for a serious offense is required to defend a civil or
> administrative action involving the same matter. The non-criminal
> proceeding, if not deferred, might undermine the party's Fifth
> Amendment privilege against self-incrimination, expand rights of
> criminal discovery beyond the limits of Federal Rule of Criminal
> Procedure 16(b), expose the basis of the defense to the prosecution
> in advance of criminal trial, or otherwise prejudice the case. If
> delay of the noncriminal proceeding would not seriously injure the
> public interest, a court may be justified in deferring it.

Id. at 1203 (quoting Securities and Exchange Commission v. Dresser Indus., Inc., 628 F.2d 1368,

1375-76 (D.C. Cir. 1980), cert. denied, 449 U.S. 993 (1980)). A court should stay one of the

proceedings pending the completion of the other.

"It has long been the practice to 'freeze' civil proceedings when a criminal prosecution

involving the same facts is warming up or under way." Peden v. United States, 512 F.2d 1099,

1103 (Ct. Cl. 1975). In discussing the Peden decision, the Afro-Lecon court noted that such a

freeze was desirable not only for the protection of the Fifth Amendment privilege against self-

incrimination, but also out of a sense that pursuing a deferrable civil proceeding would constitute

improper interference with the criminal proceeding if it churns over the same evidentiary

material. See Afro-Lecon, 820 F.2d at 1204 (quoting Peden, 512 F.2d at 1103).

Courts from other jurisdictions have outlined several factors that should be considered when determining whether "special circumstances" warrant a stay, including: 1) the extent to which the issues in a criminal case overlap with those presented in the civil case; 2) the status of the criminal case, including whether defendants have been indicted; 3) the private interest of the plaintiff in proceeding expeditiously, weighed against the prejudice of plaintiff's caused by the delay; 4) the private interest of and burden on the defendants; 5) the interest of the court; and 6) the public interest. Heller Healthcare Finance, Inc. v. Boyes, 2002 U.S. Dist. LEXIS 12743 (N.D. Tex. July 15, 2002).

In the case at bar, special circumstances exist. The above referenced criminal matters and the present civil case are based on the same facts and churn over the same evidentiary matters. According to the DOJ's correspondence, which is attached to Defendant's Motion as Exhibit "A", it is evident that the incident, which is the subject of Plaintiff's Complaint, is part of the DOJ's ongoing criminal investigation, and it is unknown at this time when the investigation will be completed. Therefore, if Defendants and key fact witnesses are forced to fully participate in the present civil action at this time, there is a danger that they may be forced to decide between compromising their right against self-incrimination in a subsequent criminal case and forfeiting their due process right to mount a full and complete defense of claims raised in this civil action. Because the Fifth Amendment privilege is implicated here, this creates the "strongest case for deferring civil proceedings," as held by the courts in Afro-Lecon and Dresser.

It is unknown at this time when the investigation will be completed and whether any other matters will be presented to a grand jury for additional possible indictments. Notwithstanding the present issue with Defendant Stolze and Gaston's Fifth Amendment privilege concern, if

6

further indictments or resulting prosecution should occur, then a potential criminal defendant

who has been forced to participate in this civil action, either as a Defendant or key fact witness,

may have already been forced to waive his or her Fifth Amendment privilege against self-

incrimination by participating in this case without knowing the results or outcome of the criminal

investigation in any resulting criminal proceedings.

Notwithstanding the Fifth Amendment privilege concern, a stay is also warranted to

prevent improper interference with the DOJ's investigation.  As stated above, other courts have

specifically stated a stay is desirable not only for the protection of the Fifth Amendment privilege

against self-incrimination, but also out of a sense that pursuing a deferrable civil proceeding

would constitute improper interference with the criminal proceeding if it churns over the same

evidentiary material.  See   Afro-Lecon, Inc. v. United States, 820 F.2d 1198, 1204 (Fed. Cir.

1987)(quoting Peden v. United States, 512 F.2d 1099, 1103 (Ct. Cl. 1975)).

If this case should proceed and discovery commences, the parties would be interfering

with the DOJ's investigation, which is in stark contrast to the DOJ's position stated in the

correspondence attached as Exhibit "A" to Defendants' Motion. Therefore, as a matter of public

policy, the parties should not be permitted to interfere with the on-going investigation since the

interest of the United States in criminal justice has priority over a civil suit for monetary

damages.

Lastly, due to the limitation and restriction placed on the Defendants by the DOJ, the

Defendants' ability to mount a defense would be severely, if not completely, hampered if this

case should proceed at this time. Unless a stay is granted, the Defendants are placed in the

position of having to choose between a potential obstruction of justice charge for ignoring the

DOJ's request or violating this Court's discovery orders to produce certain items. If Defendants attempt to conform to the DOJ's request while simultaneously complying with the Plaintiff's discovery requests, discovery would be severely limited, and this limitation and the restrictions placed on the Defendants would severely hamper their defense of this case. Therefore, it is not possible for both cases to proceed simultaneously.

As in Founding Church of Scientology v. Kelley, 77 F.R.D. 378 (D.D.C. 1977), the Court was faced with a factually similar issue. In Kelley, the government requested a stay of discovery in church's action against government officials pending the outcome of grand jury proceedings. Id. at 379. The Court found that the movant's need for the information sought was outweighed by the government's need to prevent interference with the criminal investigation. Id. at 381. The Court held that the government's interest in preserving the secrecy of the ongoing criminal investigation outweighed the movant's need for the information. Id.

Just as in Afro-Lecon, Inc., where grand jury investigations were occurring, Afro-Lecon, the Plaintiff, moved to suspend the civil proceedings because key witnesses such as officers, former employees, and consultants were advised by counsel not to participate in the civil litigation in order to avoid incrimination in the criminal proceedings. See Afro-Lecon, 820 F.2d at 1200. The appeals court ultimately vacated and remanded the Board's order denying the Plaintiff's Motion to Stay civil proceedings until the completion of the criminal proceedings. See id. at 1207. Therefore, a stay is warranted in this case at bar as it was in Afro-Lecon, Inc. v. United States.

In the case at bar, Plaintiff's prejudice is slight, if any, as compared to the substantial and irreparable prejudice that the Defendants may face. Plaintiff's cause of action allegedly occurred

on or about September 25, 2006, and December 24, 2006, and Plaintiff has only recently filed his lawsuit on March 19, 2007. As of this date, neither Plaintiff nor these Defendants has propounded discovery in this matter. The status of Plaintiff's case is in stark contrast to the status of the ongoing criminal proceedings and investigation. There is no danger of any serious prejudice to Plaintiff by delaying this case until all criminal investigations and proceedings have been resolved. There exists no danger of a loss of credible evidence since all evidence will be preserved by the Harrison County Sheriff's Department.

The balance of interest weighs heavily in favor of granting such a stay, since the prejudice to Plaintiff would be slight, if any. On the other hand, by forcing the Defendants to simultaneously defend this civil action during the pendency of the ongoing criminal proceeding involving the same facts, with both the limitation placed by the DOJ and the likely invocation of the Fifth Amendment rights against self-incrimination, the Defendants would be severely prejudiced. Therefore, judicial economy and the interest of justice would best be served by granting Defendants' Motion to Stay while the ongoing investigation and the criminal cases are pending. For these reasons, the case by case balancing of interests weighs very heavily in favor of staying this case.

WHEREFORE, PREMISES CONSIDERED, Defendants, Sheriff George Payne, Warden Donald A. Cabana, Chaplain Joe Collins, and Rhondalyn Rogers hereby submit their Motion to Stay Proceedings, and, upon all issues having been duly considered, respectfully request that this Honorable Court enter an Order staying all proceedings in this civil action until such time as any and all pending and parallel criminal investigations or proceedings have been resolved, and any Fifth Amendment privilege against self-incrimination no longer attaches. Defendants pray for such other and further relief as this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED, this the 25th day of July, 2007.

**SHERIFF GEORGE PAYNE, JR.,WARDEN DONALD A. CABANA, RHONDALYN ROGERS, AND CHAPLAIN JOE COLLINS, Defendants**

**BY:    DUKES, DUKES, KEATING & FANECA, P.A.**

BY:    *s/Haley N. Broom*
       HALEY N. BROOM, MSB #101838

Cy Faneca,  MSB #5128
Haley Broom MSB #101838
**DUKES, DUKES, KEATING AND FANECA, P.A.**
2909 13th St., Sixth Floor
Post Office Drawer W
Gulfport, MS   39502
Telephone:  228/868-1111
Facsimile:   228/863-2886

## CERTIFICATE OF SERVICE

I, HALEY N. BROOM, do hereby certify that I have this day delivered, via United States Mail, postage fully pre-paid, a true and correct copy of the above and foregoing pleading to the following:

> Johnny O'Bryant, #289746
> Harrison County Adult Detention Center
> 10451 Larkin Smith Drive
> Gulfport, Mississippi  39503

This, the 25th day of July, 2007.

*s/Haley N. Broom*
HALEY N. BROOM
