IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOHNNY O'BRYANT                                                 PLAINTIFF

V.                                        CIVIL ACTION NO. 1:07cv477 LG-RHW

HARRISON COUNTY ADULT
DETENTION CENTER, HARRISON
COUNTY, MISSISSIPPI, SHERIFF GEORGE
PAYNE, JR., WARDEN DONALD A.
CABANA, CHAPLAIN JOE COLLINS,
RHONDALYN ROGERS, FORMER DEPUTY
KARL STOLZE, AND FORMER DEPUTY
RICK GASTON                                               DEFENDANTS

## RESPONSE IN OPPOSITION OF DEFENDANTS GEORGE PAYNE, JR., DONALD A. CABANA, RHONDALYN ROGERS, AND CHAPLAIN JOE COLLINS TO PLAINTIFF'S MOTION TO APPOINT COUNSEL

      COME NOW Defendants, George Payne, Officially and in His Individual Capacity as Sheriff of Harrison County, Warden Donald A. Cabana, in his official and individual capacities, Rhondalyn Rogers, in her official and individual capacities, and Chaplain Joe Collins, by and through their attorneys, Dukes, Dukes, Keating & Faneca, P.A., and file this their Response in Opposition to Plaintiff's Motion to Appoint Counsel, as follows, to-wit:

**I.**

      Plaintiff has previously filed a Motion for the Appointment of Counsel (DN 9), and this Court has previously ruled that Plaintiff's Complaint is well presented and contains no novel points of law which would indicate the presence of "exceptional circumstances," and thus, denied said motion. (DN 12). Regardless of this fact, Plaintiff filed this second Motion for the Appointment of Counsel with this Honorable Court on July 18, 2007. (DN 34). In support of

this Motion, Plaintiff asserts the fact that the Interrogatories and Requests for Production of Documents propounded to him are impossible to answer because he is an inmate with no access to a law library or computer. In this motion, Plaintiff offers no new issues or evidentiary support which have not already been raised in Plaintiff's first Motion and thoroughly analyzed by this Court. Plaintiff merely states he is unable to answer the discovery propounded to him; however, this allegation does not warrant the appointment of counsel.

## II.

As stated by the Fifth Circuit, there is no right to the automatic appointment of counsel in a civil case under 28 U.S.C. § 1915. See Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982); Salmon v. Corpus Christi ISD, 911 F.2d 1165, 1166 (5th Cir.1990). Indigent litigants in federal civil rights cases generally possess no constitutional or statutory right to appointed counsel. See Salmon v. Corpus Christi ISD, 911 F.2d 1165, 1166 (5th Cir. 1990); Jackson v. Cain, 864 F.2d 1235, 1242 (5th Cir. 1989); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987). A trial court is not required to appoint counsel for an indigent party in a civil rights lawsuit unless the case presents truly exceptional circumstances. See Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988); Good v. Allain, 823 F.2d 64, 66 (5th Cir. 1987); Feist v. Jefferson County Commissioners Court, 778 F.2d 250, 253 (5th Cir. 1985); Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).

Although no comprehensive definition of "exceptional circumstances" is practical, the existence of such circumstances will necessarily turn on two basic considerations: (1) the type and complexity of the case and (2) the abilities of the individual bringing it. See Freeze v. Griffith, 849 F.2d 172, 175 (5th Cir. 1988); Good v. Allain, 823 F.2d 64, 66 (5th Cir. 1987); Feist v. Jefferson County Commissioners Court, 778 F. 2d 250, 253 (5th Cir. 1985); Ulmer v.

Chancellor, 691 F. 2d 209, 212 (5th Cir. 1982)(stating factors to be considered when deciding whether to appoint counsel include: the type and complexity of the case, the ability of the plaintiff to present his case adequately, the ability to investigate, and whether skill in the presentation of evidence and in cross examination is needed due to evidence consisting in large part of conflicting testimony).

### III.

Plaintiff's Complaint contains no novel points of law which would indicate the presence of "exceptional circumstances." In summary, Plaintiff's allegations in this case are that he was subject to the use of excessive force, denied adequate medical care, denied access to courts, that his First Amendment rights (Freedom of Religion) were violated, that Harrison County failed to protect him, and that he was subject to unacceptable conditions of confinement. Plaintiff's allegations are neither factually complex, nor do they warrant the appointment of counsel. Plaintiff's case is straight forward and free from complex tangles, and the area of law regarding Plaintiff's allegations is well settled, and is not novel or complex.

### IV.

The Fifth Circuit has held that the appointment of counsel was not necessary in factually similar cases. See Jones v. Cornutt, et al., 100 Fed. Appx. 251 (5th Cir. 2004) and Barnes v. Malbrough, 1990 U.S. App. LEXIS 17685 (5th Cir.1990)(holding that plaintiff was not entitled to an attorney in his 42 U.S.C. §1983 excessive force claim); Feist v. Jefferson Cty. Comm'rs Court, et al., 778 F.2d 250 (5th Cir. 1985)(holding that it was not error to not appoint counsel to assist plaintiff with his 42 U.S.C. §1983 complaint regarding the jail's plumbing, overcrowded conditions, lack of exercise facilities, lack of access to the law library, restricted family visits,

3

inadequate lighting, and poor medical care); and Baranowski v. Hart, 486 F. 3d 112 (5th Cir. 2007)(holding that district court did not abuse its discretion in finding that Plaintiff did not have a right to court-appointed counsel in the case which included, among other claims, allegations of violations of the First and Fourteenth Amendments, because Plaintiff had demonstrated the ability to litigate his case and because of the elementary nature of the issue).

V.

Plaintiff's case is vastly different from the cases which require the appointment of counsel. Plaintiff's action relies solely on factual matters and does not rise to the level of complexity which would render him incapable of prosecuting this case. Plaintiff's case is straight forward and free from complex legal tangles. Plaintiff is not required to have any legal skills or training in order to adequately inform the Court of his allegations and to present his evidence. Additionally, in response to Plaintiff's concern regarding access to legal materials, the Harrison County Adult Detention Center (hereinafter "HCADC") has a Legal Resource Center which provides case law, statutes, and legal information to the inmates pursuant to the HCADC Policies and Procedures Directive.

VI.

The record reveals no indication that Plaintiff lacks the mental or physical capacity to bring a successful claim. If anything, it appears that Plaintiff has presented his case competently. Plaintiff's ability to present his case has been made evident by Plaintiff's numerous motions filed with this Court.

VII.

Plaintiff is capable of presenting his case adequately and has the same ability to use the discovery tools as any other party. In contrast to Plaintiff's belief, Plaintiff is capable of

4

responding to discovery propounded to him due to the fact that discovery is primarily based on his own personal knowledge.

**VIII.**

Finally, one of the considerations that a court should consider is whether the indigent Plaintiff has demonstrated an inability to secure the assistance of private counsel, and in this case, Plaintiff has failed to do so. Plaintiff has not produced any evidence or testimony which demonstrates that he has even attempted to secure private counsel.

**IX.**

Due to the nature of this Response, Defendants respectfully request that the requirement of a separate Memorandum of Authorities be waived.

WHEREFORE, PREMISES CONSIDERED, Defendants, George Payne, Officially and in his Individual Capacity as Sheriff of Harrison County, Warden Donald A. Cabana, in his official and individual capacities, Rhondalyn Rogers, in her official and individual capacities, and Chaplain Joe Collins, pray that this Honorable Court will enter its Order denying Plaintiff's Motion to Appoint Counsel. Defendants pray for such other and further relief as this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED, this the 25th day of July, 2007.

        **SHERIFF GEORGE PAYNE, JR., WARDEN DONALD A. CABANA, RHONDALYN ROGERS, AND CHAPLAIN JOE COLLINS, Defendants**

      BY: **DUKES, DUKES, KEATING & FANECA, P.A.**

      BY: *s/Haley N. Broom*
         HALEY N. BROOM, MSB #101838

Cy Faneca, MSB #5128
Haley Broom MSB #101838
**DUKES, DUKES, KEATING AND FANECA, P.A.**
2909 13th St., Sixth Floor
Post Office Drawer W
Gulfport, MS 39502
Telephone: 228/868-1111
Facsimile: 228/863-2886

## CERTIFICATE OF SERVICE

I, HALEY N. BROOM, do hereby certify that I have this day delivered, via United States Mail, postage fully pre-paid, a true and correct copy of the above and foregoing pleading to the following:

>Johnny O'Bryant, #289746
>Harrison County Adult Detention Center
>10451 Larkin Smith Drive
>Gulfport, Mississippi 39503

This, the 25th day of July, 2007.

*s/Haley N. Broom*
HALEY N. BROOM