IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JOHNNY O'BRYANT, 289746**                                          **PLAINTIFF**

**VERSUS**                       **CIVIL ACTION NO. 1:07-cv-00477-LG-RHW**

**HARRISON COUNTY ADULT DETENTION CENTER,**
**SHERIFF GEORGE H. PAYNE, JR., WARDEN DONALD**
**A. CABANA AND EX-DEPUTY KARL STOLZE, 1045**
**LARKIN SMITH DRIVE, GULFPORT, MS 39503**                           **DEFENDANTS**

### MEMORANDUM OF AUTHORITIES
### IN SUPPORT OF RICK GASTON'S MOTION TO DISMISS
### PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(4)(5)

COMES NOW, RICK GASTON, by and through his attorney of record, Meadows Law Firm, who files this, his Memorandum of Authorities in Support of Motion to Dismiss the Complaint against him because of failure to properly serve him with process pursuant to Federal Rules of Procedure 12(b)(4)(5), and states to the Court the following, to-wit:

I.

Defendant moves the Court to dismiss the Complaint or quash the process herein, pursuant to Federal Rules of Civil Procedure 12(b)(4)(5).

II.

Defendant, Rick Gaston, verily states that he was served with process while attending his initial appearance in his criminal charges in the case of *United States of America vs. Rick Gaston, et al.*, Case No. 1:06cr79LG-JMR, on March 23, 2007. Rick Gaston was subsequently found not guilty and acquitted of all charges regarding the death of Jessie Lee Williams on February 4, 2006.

Attached to the Motion as Exhibit "A" is the Affidavit of Rick Gaston.

III.

Such process is clearly insufficient because when a person appears or is attending in Court, he is immune from service of process. Lamb v. Schmitt, 52 S.C. 317, 285 U.S. 222 76 L.Ed. 720 (1932). **This is a Common Law Rule that witnesses and their attorneys, while in attendance in connection with the conduct of one suit, are immune from service in another**. That rule of practice is founded upon the needs of the Court, not upon the convenience or preference of the individuals concerned. The immunity conferred by the Court is extended or withheld as judicial necessities requires. Long v. Ansell, 293 U.S. 76 (1934). See also Page Co. v. Macdonald, 261 U.S. 446, 43 S. Ct. 416 (1932); Stewart v. Ramsey, 242 U.S. 128, 130, 37 S. Ct. 44 (1932).

Recent cases confirm this long standing premise. The Court in Shapiro & Son Curtain Corp. v. Glass, 348 F.2d 460 (2nd Cir. 1965), held that the defendant, Glass, was entitled to immunity even though he was served with process in litigation that was related to the current case.

In a more recent decision, Northern Lights Tech. V. Northern Lights Club, 236 F.3rd 57 (1st Cir. 2001) the Court noted:

> Accompanying the court's repeated recognition of the validity of the party/witness immunity exception, however, has been a persistent acknowledgment of the exceptions limitations. . . .
> Just as importantly, the extension of the privilege has been limited by the majority of Courts to cases in which the party or witness was participating in an unrelated

> litigation at the time that he was served with process in this State. See <u>ARW Exploration Corp. v. Aguirre</u>, 45 F.3d 1455, 1460 (10th Cir. 1995) (denying process immunity where party was served with process in second lawsuit while attending deposition in first lawsuit alleging similar facts). . . . <u>LaCroix v. American Horse Show Association</u> 853 F. Supp. 992, 994-95 (N.D. Ohio 1994) (Applying Lamb and denying defendant's claim of entitlement to immunity based on appearance . . . . solely to contest personal jurisdiction). <u>Northern Lights Tech. V. Northern Lights Club</u>, 236 F.3rd at 63.

Applying the long standing rule set forth in <u>Lamb v. Schmitt</u>, and reviewing the exceptions to the rule, it is clear that Rick Gaston is entitled to a dismissal in this case. The litigation in which he was appearing on March 23, 2007, had nothing to do with the litigation filed by Mr. O'Bryant. Mr. O'Bryant was not a party to the Criminal Court litigation where Rick Gaston was found not guilty regarding the death of Jessie Lee Williams. The criminal litigation where Rick Gaston was served, arose from the alleged beating to Jessie Lee Williams while he was in the booking area of the Harrison County Detention Center which occurred on February 4, 2006.

Johnny O'Bryant's Complaint alleges first, that on December 25, 2006, he was put in the medical section of Block D, Section F, and was assaulted by a deputy named Karl Stolze. Plaintiff was in Block D, Section F, the medical observation unit, because he had allegedly attempted suicide. Plaintiff was on suicide watch. Plaintiff claims that after the assault by Deputy Stolze, the tower guard called the shift supervisor which is Rick Gaston. Plaintiff claims that Deputy Stolze and Captain Gaston conspired to cover up

the assault and denied him medical care. The two cases are completely unrelated and thus, Rick Gaston is entitled to an Order of Dismissal with prejudice.

    RESPECTFULLY SUBMITTED this the 15th day of November, 2007.

                    RICK GASTON, Defendant

                  BY: /s/ *Karen J. Young*
                        KAREN J. YOUNG

Karen J. Young, Esq.
MS Bar 6654
MEADOWS LAW FIRM
1902 21st Avenue(39501)
Post Office Box 1076
Gulfport, MS 39502
(228) 868-7717
Facsimile(228)868-7715

**CERTIFICATE OF SERVICE**

I, Karen J. Young, of the Meadows Law Firm, do hereby certify that a true and correct copy of the foregoing was mailed, postage prepaid, United States mail, to Johnny O'Bryant, c/o Harrison County Adult Detention Center, 10451 Larkin Smith Drive, B-B, Gulfport, MS 39503. Further, I certify that a true and correct copy of this Motion was filed with the Clerk of the Court using the ECF system which sent notification to the following:

> Cy Faneca, Esq.
> Dukes, Dukes, Keating and Faneca
> P.O. Box W
> Gulfport, MS 39502
>
> Hon. Louis Guirola
> United States District Judge
> 814 Dan Russell Jr. U.S. Courthouse
> 2012 15th Street
> Gulfport, MS 39501
>
> Hon. Robert Walker
> United States Magistrate Judge
> 672 Dan Russell Jr. U.S. Courthouse
> 672 15th Street
> Gulfport, MS 39501

SO CERTIFIED this the 15th day of November, 2007.

BY: /s/ *Karen J. Young*
KAREN J. YOUNG

Karen J. Young, Esq.
MS Bar 6654
MEADOWS LAW FIRM
1902 21st Avenue (39501)
Post Office Box 1076
Gulfport, MS 39502
Telephone(228)868-7717
Facsimile(228)868-7715