UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOHNNY O'BRYANT                                                                                       PLAINTIFF

VERSUS                                                     CIVIL ACTION NO. 1:07CV477-LG-RHW

HARRISON COUNTY ADULT DETENTION CENTER et al          DEFENDANTS

**PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

      Before the Court is Plaintiff's 42 U.S.C. § 1983 complaint alleging excessive force, inadequate medical care, violations of Plaintiff's First Amendment religious freedoms, violation of the Establishment Clause, inadequate law library, and overcrowding at the Harrison County Adult Detention Center. The Court conducted a screening hearing on February 27, 2008. Notice of the hearing was mailed to Plaintiff's address of record on February 1, 2008. According to a docket entry of February 25, 2008, Plaintiff called to inform the clerk's office that he was no longer incarcerated. At that time, the clerk's office informed Plaintiff of the screening hearing scheduled for February 27, 2008. The clerk also mailed a copy of the writ of habeas corpus ad testificandum to an address in Jackson, Mississippi provided by the Plaintiff. Plaintiff did not appear for his screening hearing on February 27, 2008. As of the date of this report and recommendation, Plaintiff has not changed his address of record.

      The undersigned finds that Plaintiff had actual notice of the hearing, based on the clerk's advising him of the hearing date and/or the mailing the writ of habeas corpus ad testificandum to Plaintiff's Jackson address. Plaintiff has been advised repeatedly that it is his responsibility to maintain a current address with the clerk's office and that failure to do so may result in dismissal of his lawsuit for failure to prosecute. The undersigned finds that Plaintiff has failed to prosecute

his § 1983 complaint based on Plaintiff's failure to appear for his screening hearing and failure to maintain a current address of record.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Plaintiff's complaint be dismissed for failure to prosecute.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who objects to this Recommendation must, within ten (10) days after being served a copy of the Recommendation, serve and file with the Clerk of Court his written objections to the Recommendation, with a copy to the District Judge, the U.S. Magistrate Judge and the opposing party. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. A party's failure to file objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a *de novo* determination by the District Court. A party who fails to file written objections to the proposed findings, conclusions and Recommendation within ten (10) days after being served with a copy, shall be barred, except upon the grounds of plain error, from attacking on appeal any proposed factual finding and legal conclusion accepted by the District Court to which the party did not object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 29th day of February, 2008.

s/ *Robert H. Walker*<br>
UNITED STATES MAGISTRATE JUDGE